IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| A TO Z WHOLESALE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 25 cv 14947 |
| | ) |
| KINSALE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES Plaintiff, A TO Z WHOLESALE, by and through its attorneys, SEIDEN LAW GROUP, P.C., and as its Complaint against Defendant KINSALE INSURANCE COMPANY, states as follows:

**INTRODUCTION**

1. This action arises from Defendant Kinsale Insurance Company's ("Kinsale" or "Defendant") failure to fully pay covered losses under a commercial insurance policy issued to Plaintiff A to Z Wholesale, Inc. ("A to Z" or "Plaintiff"). Plaintiff's retail inventory was destroyed by a January 10, 2022 warehouse fire. Although the Policy covers the loss and Defendant eventually made a partial payment, Kinsale has refused, after nearly five years, to pay the remaining $4,963,060.67 owed on the policy. A to Z brings this action to obtain the balance of its insured loss and related statutory and common-law remedies.

1

## THE PARTIES

2. At all relevant times, A to Z was a corporation organized under the laws of the State of Indiana, with its principal place of business located in Indiana.

3. Kinsale is an insurance company organized under the laws of the State of Arkansas, with its principal place of business in Richmond, Virginia.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different States.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (3) and (c)(2) because the defendant is subject to personal jurisdiction in this District and therefore resides in this District for venue purposes. The insurance policy provides that, if the Company fails to pay any amount claimed to be due, it "will submit to the jurisdiction of any court of competent jurisdiction within the United States of America or Canada." This contractual consent confirms that the Company may be sued in this Court. Accordingly, venue is proper in the Northern District of Illinois.

## FACTS RELEVANT TO ALL CLAIMS

6. During 2021 and 2022, A to Z operated as a wholesaler of electronic-cigarette-related products, including vaping pens, smoking pods, and related inventory purchased in bulk for resale to retailers.

7. In January 2022, A to Z stored all of its inventory at a warehouse located at 5455 W. 5th Avenue, Brunswick, Indiana ("the Warehouse").

2

8. At all times relevant, A to Z was insured under Kinsale Policy Nos. 0100169032-0 ("the Policy"), attached and incorporated hereto as **Exhibit A**, which covered inventory losses.

9. On or about January 10, 2022, a fire occurred at the Warehouse ("the Fire"), causing extensive damage to the structure and entirely destroying A to Z's inventory.

10. The Policy was in full force and effect at the time of the Fire.

11. A to Z sustained a loss of $6,293,125.67 in destroyed inventory value in the Fire.

12. On or about January 11, 2022, A to Z submitted a claim with Kinsale seeking coverage for its fire-related inventory loss.

13. After approximately two years of investigation, Kinsale issued a partial payment of $1,330,065.00 to A to Z in or around January 2024, but has refused to pay the remaining $4,963060.67.

14. Kinsale's partial payment constitutes a binding acknowledgement that the fire was a covered peril under the policy and that A to Z sustained a covered inventory loss.

15. A to Z seeks recovery of the remaining $4,963,060.67 owed under the Policy.

16. A to Z is the entity entitled to all proceeds or benefits from the Policy attributable to its fire-related inventory loss.

3

17. Kinsale's obligation to pay A to Z has matured, as A to Z has sustained a covered loss and satisfied all conditions precedent.

18. By delaying and refusing to timely pay the remaining amount owed, Kinsale has breached its obligations under the Policy.

## COUNT I - DECLARATORY JUDGMENT (28 U.S.C. § 2201)

19. A to Z realleges and incorporates by reference paragraphs 1 through 18 as though fully set forth herein.

20. An actual, present, and justiciable controversy exists between the parties regarding coverage for the losses sustained in the Fire and the amount owed under the Policy.

21. Plaintiff contends that the Policy covers the entirety of the Fire-related inventory loss and that Defendant is obligated to pay the remaining $4,963,060.67; Defendant has failed and refused to do so.

22. Plaintiff seeks a declaration that:

   a) the Policy affords coverage for Plaintiff's Fire-related inventory loss;

   b) Defendant must pay the remaining covered amount of $4,963,060.67; and

   c) any limitations, deductibles, or sublimits have been satisfied or do not bar recovery.

WHEREFORE, Plaintiff, A TO Z WHOLESALE, INC., requests that the Court enter a judgment in its favor and against Kinsale Insurance Company, declaring that the Policy provides coverage for the Fire loss to Plaintiff's inventory and that

4

Defendant must pay Plaintiff the remaining $4,963,060.67, together with costs and such other relief as the Court deems just and proper.

**COUNT II - VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT (815 ILCS 505/1 et seq.)**

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a person within the meaning of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA").

25. In the course of trade and commerce, Defendant engaged in unfair or deceptive acts or practices independent of its contractual obligations, including but not limited to the following:

   a) Misrepresenting, minimizing, or obscuring the status, progress, and basis of its claim investigation;

   b) repeatedly delaying claim handling without reasonable justification;

   c) issuing a partial payment after two years while withholding the remainder of the claim and concealing or misrepresenting the reasons for its continued refusal to pay the balance; and

   d) employing delay tactics that operated as coercive, oppressive, and deceptive practices likely to mislead a reasonable insured.

26. Defendant's unfair or deceptive acts proximately caused actual damages to Plaintiff, including the unpaid $4,963,060.67 and ascertainable consequential losses including but not limited to lost business opportunities, financing costs, and inventory replacement cost increases.

27. Defendant's conduct constitutes an unfair or deceptive practice under ICFA and was willful and in conscious disregard of Plaintiff's rights, warranting punitive damages.

28. Defendant's conduct constitutes an unreasonable and vexatious delay of payment under 815 ILCS 205/2, warranting prejudgment interest.

WHEREFORE, Plaintiff, A TO Z WHOLESALE, INC., requests that the Court enter judgment in its favor and against Kinsale Insurance Company for actual damages, punitive damages, reasonable attorneys' fees and costs, prejudgment interest, and such other relief as the Court deems just and proper.

## COUNT III - BREACH OF CONTRACT

29. Plaintiff realleges and incorporates by reference paragraphs 1 through 28 as though fully set forth herein.

30. The Policy is a valid and enforceable contract between Plaintiff and Defendant that was in effect at the time of the Fire.

31. Plaintiff satisfied all conditions precedent, or such conditions have occurred, been waived, or are excused, including timely notice and claim submission.

32. Defendant breached the Policy by failing to pay the full covered loss arising from the Fire, issuing only a partial payment and failing to pay the remaining $4,963,060.67.

33. As a direct and proximate result of Defendant's breach, Plaintiff suffered damages in the amount of $4,963,060.67.

34. Defendant's conduct constitutes an unreasonable and vexatious delay of payment under 815 ILCS 205/2, warranting prejudgment interest.

WHEREFORE, Plaintiff, A TO Z WHOLESALE, INC., requests that the Court enter judgment in its favor and against Kinsale Insurance Company for damages in the amount of $4,963,060.67, together with costs, pre-judgment interest, and such other relief as the Court deems just and proper.

## COUNT IV - STATUTORY BAD FAITH (215 ILCS 5/155)

35. Plaintiff realleges and incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Kinsale is an insurer and the Policy constitutes a policy of insurance under 215 ILCS 5/155.

37. After acknowledging coverage by making a partial payment after an already lengthy two-year investigation, Defendant engaged in further unreasonable and vexatious delay by refusing to pay the remaining covered amount of $4,963,060.67 despite an investigation now spanning almost five years.

38. Defendant's conduct forced Plaintiff to incur attorneys' fees and other expenses to obtain amounts due under the Policy.

39. The lengthy delay has diminished the value of the of the Policy benefits, through inflation and substantial increases in the cost of replacing the destroyed inventory.

WHEREFORE, Plaintiff, A TO Z WHOLESALE, INC., requests that the Court enter judgment in its favor and against Kinsale Insurance Company awarding reasonable attorneys' fees, costs, and statutory penalties, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, A TO Z WHOLESALE, INC., prays this Honorable Court grants it a judgment on its favor and against Defendant Kinsale Insurance Company on all issues pled herein and enter an Order as follows:

a) Awarding Plaintiff $4,963,060.67 for its unpaid losses as sustained in the Fire; and

b) Awarding Plaintiff its attorneys' fees, costs, statutory damages, prejudgment interest, punitive damages, and any further relief this Court deems necessary and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: December 10, 2025                    Respectfully submitted,

                                                                                        */s/ Brooke L. Stevens*
                                                                                        Brooke L. Stevens #6295195
                                                                                        Mark A. Cisek #6242683
                                                                                        Tyler Pearson #6336534
                                                                                        Seiden Law Group, P.C.
                                                                                        333 South Wabash Avenue, Suite 2700
                                                                                        Chicago, Illinois 60604
                                                                                        312.236.3060
                                                                                        bstevens@seidengroup.law
                                                                                        mcisek@seidengroup.law
                                                                                        tpearson@seidengroup.law
                                                                                        *Attorneys for A to Z Wholesale, Inc.*