**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **A TO Z WHOLESALE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 14947** |
| | ) | |
| **KINSALE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

A to Z Wholesale, Inc. has sued Kinsale Insurance Company, seeking a declaratory judgment that Kinsale must pay the remaining amount of its insurance claim. A to Z alleges breach of contract and also asserts claims under 215 ILCS 5/155 and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA). Kinsale has counterclaimed, seeking a declaratory judgment that it is not obligated to pay the remainder of A to Z's insurance claim. Kinsale has moved for judgment on the pleadings on its counterclaim and has asked to dismiss A to Z's first amended complaint. Kinsale has also moved to dismiss Count 4 of A to Z's first amended complaint for failure to state a claim upon which relief may be granted. For the reasons stated below, the Court grants Kinsale's motion for judgment on the pleadings and denies Kinsale's motion to dismiss as moot.

**Background**

In reviewing a motion for judgment on the pleadings, "the Court views all facts

and inferences in the light most favorable to the non-moving party." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020) (cleaned up). This standard is the same as a motion to dismiss, where the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018).

Until its dissolution in 2025, A to Z was an Indiana corporation that sold electronic cigarette-related products at wholesale. A to Z was founded by Ibrahim Shoman, who filed articles of incorporation in February 2021 with the Indiana Secretary of State. During A to Z's entire existence, Shoman was its only employee. In October 2021, A to Z signed a lease for a building in Gary, Indiana to store its inventory. That same month, Shoman submitted an application to Kinsale for A to Z to obtain commercial general liability insurance and property insurance. Kinsale subsequently issued an insurance policy for A to Z's Gary building for the period from November 2021 to November 2022. The policy initially provided coverage up to $5,000,000 of direct physical loss of or damage to A to Z's "stock" at the Gary building. Five days after A to Z's lease on the Gary building officially began on December 1, 2021, A to Z increased the policy limit for its "stock" to $7,000,000.

On the evening of January 11, 2022, a fire destroyed the Gary building and all of A to Z's inventory stored inside. Shoman arrived at the building the next morning and saw firefighters still working to extinguish the fire. Later that day, A to Z submitted a claim to Kinsale, seeking coverage for its inventory destroyed from the fire. In response, Kinsale began to investigate A to Z's claim and the cause and origin of the

fire.[1] A to Z initially reported that $5,200,000 of stock was damaged in the fire. After Kinsale was unable to verify that figure, it conducted an examination under oath of Shoman in November 2022. In December 2022, A to Z increased its claim to $6,293,125.67. Following another year of investigation, Kinsale paid $1,330,065 to A to Z for its claimed loss in December 2023. But in February 2024, Kinsale claimed it received two separate anonymous tips that suggested A to Z's claim to be fraudulent. Consequently, Kinsale again examined Shoman under oath in February 2025. Since then, Kinsale has refused to pay the remaining $4,963,060.67 of A to Z's claim.

On December 10, 2025, A to Z filed this lawsuit, seeking to recoup the $4,963,060.67 it claims Kinsale owes. In addition to requesting a declaratory judgment, A to Z alleged that Kinsale committed a violation of the ICFA, breached their contract, and acted in bad faith under 215 ILCS 5/155. After Kinsale filed a motion to dismiss A to Z's ICFA claim, A to Z filed an amended complaint that included the same four claims but set out a "clearer and more detailed statement of facts supporting" its ICFA claim. Pl.'s Mot. To File an Am. Compl. at 2. The Court denied Kinsale's initial motion to dismiss as moot, but Kinsale then filed a new Rule 12(b)(6) motion, this time to dismiss A to Z's ICFA claim in its first amended complaint. Additionally, Kinsale filed a counterclaim on February 9, 2026, seeking a declaratory judgment that A to Z's policy was rescinded and void. After A to Z filed its answer, Kinsale moved for judgment on the pleadings on its counterclaim and, in that motion, asked the Court to dismiss A to Z's first amended complaint.

[1] The cause and origin of the fire have never been determined.

## Discussion

"In [deciding] a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). "Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Id.* The Court must "view the facts in the complaint in the light most favorable to the nonmoving party." *Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020). The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standards are the same. *Coyle Mech. Supply*, 983 F.3d at 313.

### A. Motion for judgment on the pleadings

Kinsale argues that it is entitled to judgment on the pleadings because A to Z made material misrepresentations that rescind and void the policy.[2] Specifically, Kinsale points to misrepresentations it says A to Z made in its application for insurance coverage and to Kinsale during the course of the investigation into the insurance claim. A to Z responds that Kinsale waived its right to rescind the policy and did not consider A to Z's statements to be material misrepresentations. Kinsale replies that A to Z has forfeited its waiver argument by failing to raise it in its answer to Kinsale's counterclaim and that even if A to Z had properly raised its waiver argument, the argument lacks

[2] Kinsale also argues that A to Z's failure to maintain a video surveillance system breached the policy and that this precludes coverage for the remainder of A to Z's insurance claim. Because the Court grants Kinsale's motion on the material misrepresentation ground, it does not address this argument.

merit.

An insurer may deny coverage and rescind a policy if a statement in the policy application is false and the false statement materially affects the acceptance of the risk assumed by the insurer. 215 ILCS 5/154; *Grinnell Mut. Reins. Co. v. S.B.C. Flood Waste Sols., Inc.*, 113 F.4th 768, 773 (7th Cir. 2024). Materiality is determined through an objective test that asks whether a "reasonably careful and intelligent underwriter would have regarded the facts as stated as substantially increasing the chances of the event insured against, so as to cause a rejection of the application or different conditions." *S.B.C. Flood Waste Sols.*, 113 F.4th at 774 (cleaned up).

Kinsale argues that A to Z's application contained four material misrepresentations: (1) it claimed to have a safety program in operation with a safety manual, safety position, and monthly safely meetings; (2) it asserted that it employed three full-time and two part-time employees and had $3 million in ordinary payroll; (3) it declared $20 million in annual revenue; and (4) it represented that its business started in December 2021. A to Z attempted to explain a couple of these misrepresentations away in its answer to the counterclaim, but in its response to Kinsale's motion it does not dispute that they were material misrepresentations.[3] Failure to respond to an argument in an opposition brief generally results in waiver. *Ennin v. CNH Indus. Am.,*

[3] Even if A to Z counsel were to rely on the arguments it put forth in its answer, the Court would reject them. For instance, A to Z attempts to explain (2) and (3) by suggesting it answered these questions truthfully according to what it anticipated the payroll, sales, and number of employees to be in the future. But the application questions clearly asked about A to Z's business in the present tense, not in the future. And because these misrepresentations would have been regarded by a reasonable underwriter as substantially increasing the chances of the events insured against, they were material.

*LLC*, 878 F.3d 590, 595 (7th Cir. 2017). Thus the Court finds these statements A to Z made in its application to be material misrepresentations that warrant rescission.

Kinsale also argues that A to Z violated the Concealment, Misrepresentation, or Fraud (CMF) provision of its insurance policy, which stated that the policy would become void if A to Z were to "make any material misrepresentations or conceal facts either before or after a loss or make a claim knowing the same to be false or fraudulent." Def.'s Countercl., Ex. 7 at 30. Specifically, Kinsale alleges four violations: (1) Shoman concealed that he opened and worked for another company, Everything Vape, in July 2022, when asked about his employment in November 2022; (2) Shoman misrepresented that he exclusively purchased products for A to Z from suppliers like American Distributors; (3) A to Z misrepresented the amount of cash investments in the company; and (4) A to Z made various misrepresentations in its IRS Form 8300 documents. Again, in its response, A to Z does not contest Kinsale's arguments. It has therefore waived the point. The Court finds these to be material misrepresentations or concealments in violation of the policy's CMF provision.

Because A to Z made material misrepresentations in its application for insurance and during Kinsale's investigation into A to Z's insurance claim, the relevant questions become: (1) did A to Z forfeit its waiver argument by failing to raise it in its answer to Kinsale's counterclaim, and (2) if not, did Kinsale waive its right to rescind the policy? The Court addresses both questions below.

**1. Forfeiture of waiver argument**

"In the context of insurance contracts, waiver arises from an affirmative act, is consensual, and consists of an intentional relinquishment of a known right." *PQ Corp.*

*v. Lexington Ins. Co*., 860 F.3d 1026, 1036 (7th Cir. 2017) (cleaned up). Waiver may be either express or implied by conduct that is inconsistent with an intent to enforce that right. *Id.* Where there is no express waiver, the party claiming an implied waiver has the burden of proving "a clear, unequivocal, and decisive act of its opponent manifesting an intention to waive its rights." *Id.*

Furthermore, a party claiming an implied waiver must do so by pleading waiver as an affirmative defense under Federal Rule of Civil Procedure 8(c). *Allstate Ins. Co. v. Moldenhauer*, 193 F.2d 663, 665 (7th Cir. 1952). If a waiver affirmative defense is not pleaded in the party's answer, it is waived under Rule 12. *E.g.*, *Castro v. Chi. Hous. Auth.*, 360 F.3d 721, 735 (7th Cir. 2004) ("We have stated numerous times that if a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived."); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999) ("the failure to plead a defense in a timely fashion is a waiver"); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 235 (7th Cir. 1991) ("Failure to plead an affirmative defense results in a waiver of that defense.").

A to Z did not plead waiver in its answer to Kinsale's counterclaim. Its answer does not contain the word "waiver," makes no attempt to allege that A to Z is barred from arguing its material misrepresentation defense, and fails to assert any affirmative defenses at all. Instead, the first time A to Z raised the issue of waiver was in its response to Kinsale's motion for judgment on the pleadings. That was untimely. As a result, A to Z has forfeited its waiver affirmative defense.

**2. Merits of waiver argument**

Timeliness aside, A to Z's waiver argument also fails on the merits. Kinsale did

not expressly waive its right to rescind the contract, nor has A to Z pointed to any "clear, unequivocal, and decisive" acts by Kinsale that manifested an intention to waive its rights. A to Z argues that it has met its burden by showing that Kinsale has long known about the material misrepresentations made by A to Z and that Kinsale's partial payment of $1.3 million constituted a waiver of its right to rescind the policy. This argument lacks merit.

Delay alone is insufficient to establish waiver. *Havoco of Am., Inc. v. Hilco, Inc.*, 799 F.2d 349, 353 n.5 (7th Cir. 1986). A court must also ask why the delay occurred and how the parties behaved during the delay. *See St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co., Inc.*, 969 F.2d 585, 589 (7th Cir. 1992). A to Z argues that Kinsale learned about the material misrepresentations shortly after receiving its application in October 2021, but the conduct of both parties since then does not reflect an intention by Kinsale to waive its right to rescind the policy. On January 17, 2022, the parties entered into a non-waiver agreement that stated that "any action taken" by Kinsale "shall not waive or invalidate any rights whatever of either of the parties to this agreement." Def.'s Countercl., Ex. 8 at 57. Such non-waiver agreements are enforceable under Illinois law and indicate the parties' intentions to retain their rights. *Monarch Coaches, Inc. v. ITT Indus. Credit*, 818 F.2d 11, 13 (7th Cir. 1987); *see also Horning Wire Corp. v. Home Indem. Co.*, 8 F.3d 587, 590 (7th Cir. 1993). On December 5, 2023, in a letter accompanying its partial payment to A to Z, Kinsale stated that "nothing in this letter should be construed a waiver or surrender of any Policy terms, limitations, exclusions, conditions, or agreements." Def.'s Countercl., Ex. 47 at 2. On February 8, 2024, in a letter asking to conduct a second examination under oath of

Shoman, Kinsale asked A to Z to "correct any misrepresentations" that Shoman had made, quoted the CMF provision, and again stated that "nothing in this letter should be construed as a waiver or surrender of any Policy terms, limitations, exclusions, conditions, or agreements." Def.'s Countercl., Ex. 48 at 1, 7-8. Kinsale also added the following language: "Kinsale specifically reserves all of its rights and remedies under the policy, as well as under any statutes, regulations, and common law." *Id.* at 8. These letters, combined with the signed non-waiver agreement, reflect the absence of an intention on Kinsale's part to waive its rights under the policy.[4]

A to Z also argues that Kinsale waived its right to rescind the policy by making the $1.3 million partial payment. "The mere initial payment of benefits," however, "is not enough to demonstrate waiver." *Bakal v. Paul Revere Life Ins. Co.*, 576 F. Supp. 2d 889, 895 (N.D. Ill. 2008). In *Bakal*, the plaintiff argued that the insurance company waived certain defenses because it began to make payments without mentioning those defenses. *Id.* The court held that the insurance company's express reservation of rights in its letters accompanying the initial payments were "inconsistent with an intention to relinquish its rights under the Policy," meaning the partial payments could not be "construed as an implied waiver" of the insurance company's right to pursue defenses. *Id.* The facts are nearly identical in this case. The letter accompanying Kinsale's partial payment contained language that reserved all rights under the policy.

---

[4] In its reply brief, Kinsale also discusses letters it sent to A to Z dated February 8, 2022, August 29, 2023, and May 14, 2025. Unlike the non-waiver agreement and the December 5, 2023 and February 8, 2024 letters, which were included as exhibits to Kinsale's counterclaim, these three letters were not. Because they do not appear in the counterclaim, the answer, or any exhibits to the counterclaim, they may not be considered by the court on a motion for judgment on the pleadings. *See Hous. Auth. Risk Retention Grp., Inc.*, 378 F.3d at 600.

And the subsequent letter sent by Kinsale in February 2024 expressly reserved its rights and remedies under the policy.

Finally, A to Z argues that Kinsale's motion is "replete with baseless insinuations and emotional arguments" that the Court "is required to ignore." Pl.'s Resp. to Def.'s Mot. For J. on the Pleadings at 13. Although some of the language Kinsale uses amounts to colorful characterization of the evidence, none of it crosses the line of impermissibility.

It appears to the Court, beyond doubt, that A to Z cannot establish facts sufficient to support its contention that Kinsale waived its right to rescind the insurance policy. The Court concludes that the policy between A to Z and Kinsale is rescinded and void. The Court therefore grants Kinsale's motion for judgment on the pleadings with respect to its counterclaim and dismisses all of the claims in A to Z's complaint. The dismissal is with prejudice, because the Court's ruling is based on the merits and not on pleading deficiencies. Under the circumstances, amendment would be futile.

**B. Motion to dismiss count 4**

Because the Court has dismissed A to Z's complaint in its entirety pursuant to Kinsale's motion for judgment on the pleadings, Kinsale's motion to dismiss is moot.

## Conclusion

For the reasons stated above, the Court grants Kinsale's motion for judgment on the pleadings on its counterclaim [dkt. no. 51] and denies as moot Kinsale's motion to dismiss A to Z's complaint [dkt. no. 46]. The parties are directed to promptly confer regarding a form of judgment that includes the appropriate language declaring the insurance policy rescinded and void and are to submit a proposed judgment order to the

undersigned judge's proposed order email address by no later than September 21, 2026. The telephonic status hearing set for October 20, 2026 is advanced to September 23, 2026 at 9:10 a.m., in case the Court has questions regarding the proposed judgment. The following call-in number will be used: 650-479-3207, access code 2305-915-8729.

MATTHEW F. KENNELLY
United States District Judge

Date: September 16, 2026