**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **A TO Z WHOLESALE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 14947** |
| | ) | |
| **KINSALE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

A to Z Wholesale, Inc. sued Kinsale Insurance Company, seeking a declaratory judgment that Kinsale must pay the remaining amount of its insurance claim. A to Z alleged breach of contract and also asserted claims under 215 ILCS 5/155 and the Illinois Consumer Fraud and Deceptive Business Practices Act. Kinsale counterclaimed, seeking a declaratory judgment that it was not obligated to pay the remainder of A to Z's insurance claim. Kinsale moved for judgment on the pleadings on its counterclaim and asked to dismiss A to Z's first amended complaint. Kinsale also moved to dismiss Count 4 of A to Z's first amended complaint for failure to state a claim upon which relief may be granted. The Court granted Kinsale's motion for judgment on the pleadings and dismissed A to Z's first amended complaint. *A to Z Wholesale, Inc. v. Kinsale Ins. Co.*, No. 25 C 14947, 2026 WL 2754414 (N.D. Ill. Sept. 17, 2026). A to Z, via new counsel, has moved to reconsider this decision. For the reasons stated below, the Court denies A to Z's motion.

## Background

The Court briefly summarizes the facts and procedural history, which are presented in greater detail in its decision on the motion for judgment on the pleadings and motion to dismiss. *See A to Z Wholesale*, 2026 WL 2754414, at *1–2.

A to Z sold electronic cigarette-related products at wholesale until its dissolution in 2025. In January 2022, a fire destroyed a building leased by A to Z in Gary, Indiana that was insured by Kinsale. The insurance policy provided coverage up to $7,000,000 of direct physical loss of or damage to A to Z's "stock" at the building. After A to Z submitted a claim for $6,293,125.67, Kinsale investigated A to Z's claim for several years. Kinsale initially made a payment of $1,330,065 but refused to pay the remaining $4,963,060.67.

In December 2025, A to Z filed this lawsuit, seeking to recover $4,963,060.67 from Kinsale. In February 2026, Kinsale filed a counterclaim asking the Court to declare A to Z's policy rescinded and void. Kinsale then filed a motion to dismiss A to Z's complaint and a motion for judgment on the pleadings on its counterclaim.

In the motion for judgment on the pleadings, Kinsale argued that A to Z made multiple material misrepresentations that rescinded and voided the policy. A to Z responded that Kinsale had waived the right to rescind and void the policy or at least that Kinsale's actions regarding the insurance claim reflected that it did not believe A to Z had made any material misrepresentations. Kinsale replied that A to Z had not pleaded waiver as an affirmative defense and thus was barred from raising waiver in opposing judgment on the pleadings. Kinsale also argued that A to Z had failed to contest that it had made material misrepresentations, resulting in waiver of that point.

On September 17, 2026, the Court granted Kinsale's motion for judgment on the pleadings of its counterclaim and declared A to Z's policy rescinded and void. The Court found that A to Z had waived the material misrepresentations point by failing to contest Kinsale's argument in its response to the motion for judgment on the pleadings. The Court also determined that, by failing to assert waiver as an affirmative defense in its answer to the counterclaim, A to Z had forfeited the argument that Kinsale had waived its right to rescind the policy. Finally, the Court concluded that A to Z's waiver argument failed on the merits because the record did not manifest an intention by Kinsale to waive its rights under the insurance policy.

A to Z, acting through new counsel, has moved to reconsider the Court's grant of Kinsale's motion for judgment on the pleadings based on what it calls erroneous findings by the Court. Pl.'s Br. at 5, 7–12.

**Discussion**

Rule 59(e) motions for reconsideration serve the limited purpose of correcting "manifest errors of law or fact, or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Outside of a significant change in law or facts occurring, they are appropriate only when the court misunderstood a party, made a decision outside the adversarial issues presented, or made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). They are *not* appropriate to "rehash previously rejected arguments or argue matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (cleaned up).

A to Z does not allege any significant change in law or facts since the Court issued its opinion. Instead, its motion consists of arguments it did not raise in opposing Kinsale's motion as well as a rehash of arguments the Court overruled. The Court addresses each of A to Z's arguments in turn.

**A. Rule 59(e) standards**

A to Z argues that the Rule 59(e) manifest error standard is a "'liberal' standard, as opposed to the 'exacting' standard applied to motions brought under the Federal Rule of Civil Procedure." Pl.'s Br. at 2. To support this proposition, A to Z cites *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000), and *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

But neither of these opinions describes the manifest error standard as "liberal" or with a similar term. To the contrary, both cases interpreted the governing standard to be a demanding one. *Oto* upheld the district court's denial of a motion for reconsideration because the movant "merely took umbrage with the court's ruling and rehashed old arguments." *Oto*, 224 F.3d at 606. *Harrington* specified that a Rule 59(e) motion "requires that the movant 'clearly establish' one of the aforementioned grounds for relief" and held that the movant had failed to do so because he merely attempted to "provide a vehicle for a party to undo its own procedural failures." *Harrington*, 433 F.3d at 546.[1]

[1] None of the other Seventh Circuit cases A to Z discusses in the Rule 59(e) standards section of its brief supports the notion that the manifest error standard is a "liberal" one. *Divane v. Krull Electric Co.*, 194 F.3d 845, 850 (7th Cir. 1999), held that the district court did not abuse its discretion in denying a motion for reconsideration because the movant asserted "the very arguments that it raised in its Rule 59(e) motion . . . that it would have raised before the district court." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008), also concluded that the district court did not abuse its discretion in denying a

A to Z's comparison of the manifest error standard for a Rule 59(e) motion to the exacting standard for motions brought under the Federal Rules of Civil Procedure lacks not only precedential support but coherence. A Rule 59(e) motion, by definition, *is* brought under the Federal Rules of Civil Procedure. In short, it is unclear what exactly A to Z is trying to contrast a Rule 59(e) motion with. Neither *Oto* or *Harrington*, nor any of the other cases A to Z cites, explains what sort of motion is supposedly subject to only an "exacting" standard.

**B. Rule 12(c) timing**

A to Z argues that Kinsale's motion for judgment on the pleadings was made before the pleadings were closed, which it contends violated Rule 12(c)'s timing requirements. Specifically, A to Z points to Kinsale's motion to dismiss Count 4 of A to Z's first amended complaint, which was still pending when Kinsale filed its motion for judgment on the pleadings.

A to Z asserts this argument for the first time on its motion for reconsideration, even though it could have done so on the original motion. This means the point is not an appropriate basis for reconsideration. *See Caisse Nationale*, 90 F.3d at 1270.

In addition, A to Z's argument fails on the merits because it conflates the subject of the motion for judgment on the pleadings with the subject of the motion to dismiss. Kinsale moved for judgment on the pleadings on *its counterclaim* and moved to dismiss

---

motion for reconsideration because "Rule 59(e) motions cannot be used to present evidence that could have been presented before judgment was entered." And although *Russell v. Delco*, 51 F.3d 746, 749, 752 (7th Cir. 1995), held that manifest error did exist, the Court cautioned that it was an unusual case and that Rule 59(e) "may not be used to raise novel legal theories that a party had the ability to address in the first instance."

*A to Z's first amended complaint*. This distinction is important. The closed pleadings requirement in Rule 12(c) refers to the pleadings pertinent to the motion for judgment on the pleadings, not to other claims or counterclaims in the same case. *See DG3 Grp. (Holdings) Ltd. v. Lob.com, Inc.*, No. 19-CV-05287-SK, 2019 WL 13081489, at *4 (N.D. Cal. Dec. 4, 2019) (holding that the pleadings were closed for a motion for judgment on the pleadings on the complaint, even though the plaintiff had not yet filed an answer to the defendant's counterclaims); *Gilman v. Spitzer*, 902 F. Supp. 2d 389, 394, n. 3 (S.D.N.Y. 2012) ("the better interpretation of [Federal Rule of Civil Procedure 12(c)] is that the 'pleadings are closed' in the relevant sense when the *pertinent* pleadings are closed, and the existence of an open counterclaim in circumstances like those here ... does not preclude a Rule 12(c) motion.") (emphasis added). Although Kinsale's motion to dismiss Count 4 of A to Z's complaint was pending at the time it filed a motion for judgment on the pleadings, the pertinent pleadings related to Kinsale's counterclaim were closed because A to Z had filed its answer to the counterclaim. Thus Rule 12(c) was not violated when the Court considered Kinsale's motion for judgment on the pleadings.

**C. Material misrepresentations in insurance application**

A to Z argues that the following determinations by the Court were erroneous with respect to its insurance application: (1) it misrepresented its safety program in operation; (2) it misrepresented its employees and payroll; (3) it misrepresented its annual revenue; (4) it misrepresented its business start date; and (5) each of these alleged misrepresentations was material. New counsel argues that the Court failed to take as true A to Z's factual allegations in its answer to Kinsale's counterclaim.

This argument does not get out of the starting gate. A to Z effectively ignores the Court's conclusion that it waived this point by failing to contest the arguments in Kinsale's motion regarding misrepresentations and materiality. Instead, A to Z argues that "the pleadings, and not the motion or response . . . solely dictate" whether a motion for judgment on the pleadings should be granted. Pl.'s Br. at 3. A to Z cites *Culvey v. Auto-Owners Insurance Co.*, 670 F. Supp. 3d 657, 660 (N.D. Ill. 2023), and *BBCN Bank v. Wachovia Bank N.A.*, No. 14 C 10220, 2016 WL 691784, at *6 (N.D. Ill. Feb. 22, 2016), in support. If A to Z means by this that what it said—and did not say—in its response brief does not matter, the argument fails because no such rule exists. Neither *Culvey* nor *Wachovia Bank* held that courts may not consider the motion, response, or reply when deciding a motion for judgment on the pleadings. *See Culvey*, 670 F. Supp. 3d at 660 (indicating that a court may not look to material outside the pleadings); *Wachovia Bank*, 2016 WL 691784, at *6 (finding that the movant did not provide any support for an assertion in its brief and stating that the court "will not construct [the movant's] legal arguments for it"). Put another way, A to Z offers no support for the proposition that a court is precluded from finding waiver when a party does not respond to a point made in a motion for judgment on the pleadings. Indeed, common sense and circuit precedent require the Court to assess the arguments made in the parties' briefs and permit it to find waiver when a party fails to respond to an argument made by the other side. *See Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 595 (7th Cir. 2017).

A to Z's real issue seems to be with its first set of lawyers, who waived the material misrepresentation point by failing to respond to it. But that's a matter between A to Z and those lawyers; it does not entitle A to Z to reconsideration. There is no right

to effective assistance of counsel in a civil case. *See, e.g., Conway v. Henze*, 14 F. App'x 645, 651 (7th Cir. 2001).

Each argument that A to Z now makes in its motion for reconsideration on the material misrepresentations issue is made for the first time now and thus is not a proper basis for reconsideration. The Court overrules the arguments for that reason but nonetheless addresses each point in turn.

**1. Safety documents**

A to Z argues that the Court erred in concluding that it made a material misrepresentation in its insurance application when it claimed to have a safety program in operation with a safety manual, safety position, and monthly safety meetings. A to Z cites its answer to paragraphs 57 and 458 of Kinsale's counterclaim, which point to its response of "N" on the insurance application to the question, "Is there a formal, written safety and security policy in effect?" Pl.'s Br. at 7.

Again, A to Z is raising this issue for the first time in its motion for reconsideration, even though it conceded in its response brief that it "had no safety program, positions, or meetings." Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings at 6. This means the point is not an appropriate basis for reconsideration. *See Caisse Nationale*, 90 F.3d at 1270.

Moreover, counsel's argument that the pleadings do not support the Court's determination lacks merit. A to Z's response to the question on the application that it now cites involves a different question from the one the Court addressed, which was whether it had a "formal safety program in operation." Def.'s Ex. 6 at 3. In answering *that* question on the application, A to Z clearly wrote "Y" and checked the boxes for

safety manual, safety position, monthly meetings, and OSHA. *Id.* But as A to Z admitted in its answer to the counterclaim, it actually had no formal safety program in operation, no safety manual, no safety position, no monthly meetings, and no OSHA compliance procedures. Pl.'s Ans. to Countercl. ¶¶ 10–11, 75. The Court properly concluded that A to Z made misrepresentations on the application regarding its formal safety programs in operation.

**2. Employment and payroll**

A to Z contends in its motion for reconsideration that its representation in the insurance application that it employed three full-time and two part-time employees and had $3 million in ordinary payroll was not a misrepresentation. It argues that its representations in the application were based on what it anticipated to occur in the future, not the state of affairs as it existed at the time, and that Kinsale "knew or should have known" that. Pl.'s Br. at 7–8. It also contends that "there is no reference to any payroll amount in the Counterclaim," seemingly arguing that the Court erred in considering the $3 million representation. *Id.* at 7.

The Court already rejected new counsel's first contention. *A to Z Wholesale*, 2026 WL 2754414, at *2 n.3. A motion for reconsideration is not an appropriate venue to "rehash previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1270. New counsel's argument is identical to the one the Court previously considered and rejected.

New counsel's second contention is factually inaccurate. A court may consider on a motion for judgment on the pleadings "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The $3 million payroll figure is clearly indicated in

the "Ordinary Payroll" box on page 12 of the insurance application, which is an exhibit to Kinsale's counterclaim. Def.'s Ex. 6 at 12.

### 3. Annual revenue

A to Z contends that it denied that its representation of $20 million in annual revenue on its application was a misrepresentation. It rehashes the same "future projections" argument referenced in the previous section. A to Z also points to its answer to paragraphs 55, 456, and 484 of the counterclaim, in which it generally denies that it made any misrepresentations but admits that it had claimed to have $20 million in annual revenue. Pl.'s Ans. to Countercl. ¶¶ 55, 456, 484.

A to Z's argument that the representations in the application were future projections fails for the same reasons discussed above.[2]

A to Z's newly minted argument that it denied any implication that it misrepresented its revenues likewise fails. First of all, A to Z did not make this argument in opposing Kinsale's motion originally, and thus it is not an appropriate basis for reconsideration. The Court properly considered A to Z's specific concessions that it claimed $20 million in annual revenue in its insurance application but that it had not actually made any sales. Pl.'s Ans. to Countercl. ¶¶ 55, 457. This amounted to an admission that the $20 million claim was false. A to Z's general denial that it misrepresented its annual revenue was conclusory and unsupported, and the Court was not required to take it as true. *See generally Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

---

[2] New counsel also asserts that the application was signed on October 10, 2021. This is inaccurate. Ibrahim Shoman signed the application on October 7, not October 10. Def.'s Ex. 6 at 4.

**4. Start of business**

A to Z now argues—again for the first time in its motion for reconsideration—that it did not misrepresent its business start date when it wrote December 2021 in its application. It also argues that the fact that it incorporated on February 7, 2021 is immaterial because "businesses incorporate all the time before operations commence." Pl.'s Br. at 8. Finally, A to Z argues that Kinsale knew or should have known that it was actually referring to its anticipated commencement of business operations of December 1, 2021 even though it had been incorporated on February 7, 2021.

Again, this argument is an inappropriate basis for reconsideration, as A to Z could have made this point in responding to Kinsale's motion but failed to do so. *See Caisse Nationale*, 90 F.3d at 1270. And even if this one particular representation were taken out of the mix, A to Z would still lose on the motion for judgment on the pleadings due to the other three misrepresentations already discussed.

That aside, A to Z's argument regarding its business start date is a variation of the "future projections" argument above that the Court rejected. *See A to Z Wholesale*, 2026 WL 2754414, at *2 n.3. Like those arguments, this one fails. A to Z admitted in its answer that it purchased millions of dollars in inventory between February 7, 2021 and November 30, 2021, undercutting counsel's argument that it began operations in December 2021. Pl.'s Ans. to Countercl. ¶ 51. In addition, the tense of the question on the application question matters: it asked for the "Date Business *Started*," not the date the business *will* start. Def.'s Ex. 6 at 2 (emphasis added).

**5. Materiality**

A to Z argues that "the materiality of misrepresentation is generally a question for

the trier of fact." Pl.'s Br. at 9. That may be true, but it's beside the point here. In its motion for judgment on the pleadings, Kinsale squarely argued that A to Z's misrepresentations were material to its decision to issue the insurance policy:

> A business with a safety program, safety manual, safety personnel, safety meetings, five employees, $3 million in ordinary payroll, and $20 million in annual revenue has the hallmarks of an active, diligent, well-financed, and legitimate business. Such a business—the one A to Z misrepresented to Kinsale—is much less risky than a business consisting of one recently unemployed man allegedly driving around with pallets of cash mysteriously given to him that he did not report to the IRS, who has no employees, no payroll, not a single dollar in sales ever, no safety anything, and that supposedly accumulates millions of dollars in inventory and let it sit around in a warehouse—where it is vulnerable to fire or theft—for nearly a year uninsured.

Def.'s Mot. for J. on the Pleadings at 10. That was a pretty hard-hitting argument, one that A to Z could not plausibly have missed. But A to Z did not argue, in opposing entry of judgment on the pleadings, that its misrepresentations were anything other than material. Its argument on this point in the motion for reconsideration comes far too late in the day.

**D. Material misrepresentations in CMF provision**

A to Z's new counsel argues that the Court failed to cite any authority that could justify its remedy of voiding or rescinding the policy.

This is false. The authority came from, among other places, the insurance policy itself. In its decision, the Court referenced the policy's Concealment, Misrepresentation, or Fraud (CMF) provision as providing that ". . . the policy would become *void* if A to Z were to 'make any material misrepresentations or conceal facts either before or after a loss or make a claim knowing the same to be false or fraudulent.'" *A to Z Wholesale*, 2026 WL 2754414, at *3 (emphasis added). The Court also cited legal authorities supporting an insurer's ability to rescind: "An insurer may deny coverage *and rescind* a

policy if a statement in the policy application is false and the false statement materially affects the acceptance of the risk assumed by the insurer. 215 ILCS 5/154; *Grinnell Mut. Reins. Co. v. S.B.C. Flood Waste Sols., Inc.*, 113 F.4th 768, 773 (7th Cir. 2024)." *A to Z Wholesale*, 2026 WL 2754414, at *2 (emphasis added).

A to Z next argues that the pleadings do not support the Court's finding that it violated the CMF provision. Counsel argues that each of the Court's determinations in this regard was erroneous: (1) A to Z concealed that Shoman owned and worked for Everything Vape; (2) A to Z misrepresented that it exclusively purchased products from suppliers like American Distributors; (3) A to Z misrepresented the amount of its cash investments; (4) A to Z misrepresented its IRS Form 8300 documents; and (5) each of these misrepresentations was material.

A to Z's contention lacks merit for reasons similar to those the Court considered in rejecting the newly-minted arguments regarding A to Z's insurance application made for the first time on reconsideration. In particular, A to Z waived these points by failing to respond to them in its brief opposing Kinsale's motion for judgment on the pleadings.

**E. Forfeiture of waiver argument**

A to Z's new counsel also argues that the Court erred in concluding that it forfeited its waiver defense by failing to plead it. First, A to Z cites *Dresser Industries, Inc. v. Pyrrhus AG*, 936 F.2d 921, 928 (7th Cir. 1991) to support its contention that "[c]ourts allow affirmative defenses to be raised in response to motions for judgment on the pleadings so long as the opposing party is on notice of the defense." Pl.'s Br. at 12. Second, A to Z argues that the Court should have considered the allegations in its first amended complaint, where it contends it adequately pleaded the waiver affirmative

defense.

*Dresser* does not support the proposition that A to Z claims it directly supports. *Dresser* held that a "technical pleading error" is not fatal when a party has a full opportunity to respond to an affirmative defense first raised in a brief and that party asserting the affirmative defense had expressly reserved in its answer its right to allege an affirmative defense. *Dresser*, 936 F.2d at 928 n.6 (cautioning, however, that "such shoddy pleading should be discouraged"). But although Kinsale was able to address the waiver point in its reply brief on the motion for judgment on the pleadings, A to Z had not put Kinsale on notice before that—in its answer or otherwise—that it might raise the defense (or any other unpleaded affirmative defense) in the future. Moreover, the ultimate result in *Dresser* is consistent with what the Court did in the present case, as the Court addressed A to Z's waiver argument on the merits after finding the issue forfeited. *See A to Z Wholesale*, 2026 WL 2754414, at *3.

A to Z's second new argument fails as well. It offers no viable support for the proposition that, in addressing Kinsale's motion for judgment on the pleadings on its counterclaim, the Court should have considered a different pleading, namely A to Z's amended complaint. The law is to the contrary. *See AB Staffing Sols., LLC v. Asefi Cap., Inc.*, No. 3:22CV32 (DJN), 2022 WL 16555707, at *8 (E.D. Va. Oct. 31, 2022) ("for each motion, the Court will examine only the allegations in the pleading to which the party directs the motion"). *Northern Indiana Gun & Outdoor Shows*, which A to Z cites, dealt only with a single claim and no counterclaims. *N. Ind. Gun*, 163 F.3d at 452. And even if the Court appropriately could consider A to Z's amended complaint in addressing Kinsale's motion for judgment on its counterclaim, A to Z did not plead anything in its

complaint that amounted to a contention that Kinsale had waived the right to rescind based on A to Z's misrepresentations. A to Z's allegation that "payment of the claim constitutes a binding acknowledgement that the fire was a covered peril under the policy" does not come close to adequately pleading a waiver defense. Pl.'s Br. at 12.

The Court also notes that A to Z itself previously complained about Kinsale doing what A to Z is now trying to do. In its response to Kinsale's motion to dismiss, A to Z's first lawyer dedicated an entire section to argue that "Defendant's reliance on facts outside the FAC underscores why dismissal is improper." Pl.'s Resp. to Def.'s Mot. to Dismiss at 5. A to Z now argues the other side of that point by contending that the Court should have considered material outside the relevant pleadings. A to Z's previous position was correct; its new one is not.

**F. Merits of waiver argument**

In its decision, the Court concluded that even if A to Z had not forfeited its right to argue waiver on the part of Kinsale, the waiver argument failed on the merits. A to Z contends that the latter conclusion—which, again, was an alternative holding—was erroneous. It cites *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012), to contend that it alleged conduct that entitles it to a trial on its contention that Kinsale waived the right to rescind the insurance policy. A to Z also argues that waiver is a question for the trier of fact, not for the Court to decide on a motion for judgment on the pleadings. Finally, A to Z argues that the Court erred when it suggested that the relevant facts of *Bakal v. Paul Revere Life Insurance Co.*, 576 F. Supp. 2d 889 (N.D. Ill. 2008), were nearly identical to this case.

These arguments lack merit. First, the Court properly determined that A to Z

could not "establish facts sufficient to support its contention that Kinsale waived its right to rescind the insurance policy." *A to Z Wholesale*, 2026 WL 2754414, at *4. The Court first cited the applicable standard for a motion for judgment on the pleadings found in *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004): "Where [a party] moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *A to Z Wholesale*, 2026 WL 2754414, at *2. Moreover, *Mitcheff* does not support counsel's contention that the Court should have denied the motion. *Mitcheff* held that the trial judge erred when it "did not identify a legal obstacle to the suit; the judge just deemed the allegations 'unpersuasive.' But a judge cannot reject a complaint's plausible allegations by calling them 'unpersuasive.' Only a trier of fact can do that, after a trial." *Mitcheff*, 696 F.3d at 638. In this case, the Court did not simply label any plausible allegations "unpersuasive" and call it a day. Instead, the Court identified the non-waiver agreement signed by A to Z as well as multiple letters sent by Kinsale to A to Z as obstacles that A to Z could not overcome. *A to Z Wholesale*, 2026 WL 2754414, at *3. The Court committed no error, let alone a manifest error. Even if waiver often, or even normally, is a matter for the trier of fact, that was not the case here.

Finally, A to Z contends that *Bakal*, which the Court cited in addressing the waiver argument on the merits, "involved a claim for disability insurance benefits, was a ruling on an insurer's motion for summary judgment, not on a motion for judgment on the pleadings, and the court there denied the insurer's motion, except for on the insured's statutory bad faith claim." Pl.'s Br. at 14. But the factual similarities that the

Court referenced were limited to following: "In *Bakal*, the plaintiff argued that the insurance company waived certain defenses because it began to make payments without mentioning those defenses. The court held that the insurance company's express reservation of rights in its letters accompanying the initial payments were 'inconsistent with an intention to relinquish its rights under the Policy,' meaning the partial payments could not be 'construed as an implied waiver' of the insurance company's right to pursue defenses." *A to Z Wholesale*, 2026 WL 2754414, at *4. The same is true here, and A to Z fails to explain otherwise. This is not a situation in which the Court misunderstood a party, made a decision outside the adversarial issues presented, or made an error not of reasoning but of apprehension. *Bank of Waunakee*, 906 F.2d at 1191.

**Conclusion**

For the reasons stated above, the Court denies A to Z's motion for reconsideration [dkt. no. 71].

MATTHEW F. KENNELLY
United States District Judge

Date: November 9, 2026